IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

JENNIFER GARNETT,           )
                            )
    PLAINTIFF,              )
                            )
V.                          )    No._____
                            )
ALTAQUIP, LLC,              )
                            )
    DEFENDANT.              )

## COMPLAINT

Comes the Plaintiff and sues the Defendant for sexual harassment in violation of the Tennessee Human Rights Act, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship. The parties are citizens of different states and the amount in controversy exceeds the statutory minimum.

2. The acts complained of in this Complaint occurred in the Middle Grand Division of the State of Tennessee.

3. The jurisdiction and venue for this action is therefore proper in this Court.

## PARTIES

4. Plaintiff, Jennifer Garnett, is a citizen and resident of Tennessee, residing in Murfreesboro, Tennessee.

5. Defendant, Altaquip, LLC is a foreign corporation, incorporated pursuant to the laws of the State of Delaware, with its principle place of business located at 28800 Clemens Road,

Westlake, OH 45145. The sole member of the LLC is not a resident of Tennessee.

6. Defendant conducts business in the State of Tennessee, operating a facility in Antioch, Tennessee, which was the facility where the Plaintiff works on a daily basis.

7. Defendant is an employer as defined by the Tennessee Human Rights Act and employed, and, as of the filing of this Complaint, continues to employ the Plaintiff at its Antioch, Tennessee location at all times relevant to this Complaint.

## FACTS

8. Plaintiff began working for the Defendant at its Antioch, Tennessee in April of 2014 as an administrative specialist.

9. The assistant manager at said location was Lee Seager (hereinafter referred to as "assistant manager"), who was plaintiff's direct supervisor.

10. Defendant's assistant manager began a pattern of sexually harassing the Plaintiff beginning almost immediately upon her being employed. The assistant manager's behavior included inappropriate touching of the Plaintiff as well as sexually inappropriate comments, and overtures towards the Plaintiff.

11. Defendant's assistant manager, in combination with another employee, who was also an administrative specialist, combined their efforts to sexually harass the Plaintiff, including requesting her to join them in sexual activity. The assistant manager encouraged the other employee to destroy emails that evidenced his inappropriate conduct toward the Plaintiff.

12. In addition to sexual harassment, the assistant manager also subjected the plaintiff to racial harassment, causing the plaintiff to be in fear of her safety, because she was dating

someone of Hispanic ethnicity. He further made racial comments that were offensive in front of employees and management.

13. The assistant manager's conduct was both objectively offensive and subjectively offended the Plaintiff.

14. The inappropriate conduct of the assistant manager occurred on a regular basis and was not isolated conduct.

15. Plaintiff was unable to enjoy her work and perform her job without the constant fear and apprehension of ongoing sexual and racial harassment at work.

16. On one occasion after the assistant manager's overt sexual advance was rejected by Plaintiff, the assistant manager told Plaintiff that he would get her fired if she reported him, telling her that a prior woman that complained about him was fired.

17. On another occasion, the assistant manager, who claimed to be a KKK member, threatened to send the KKK to plaintiff's home because she would not put out for him, and was dating "outside her race."

18. On other occasions, the assistant manager offered her financial support for sex, and offered her prescription drugs for sex.

19. Plaintiff consistently rejected the requests for various types of sexual conduct from the assistant manager and she reported his conduct to the general manager.

20. Plaintiff reported the inappropriate conduct to the general manager and to the HR department and was never advised of any action being taken against the assistant manager or the co-employee participant in the sexual harassment for engaging in the sexually harassing behavior.

21. Upon information and belief, Plaintiff would show that the assistant manager, Lee Seager, recently was terminated from employment for being a racist. The racist comments had been open and obvious for a long time at the job.

22. Plaintiff would further show that the co-employee, who participated in the sexual harassment, continued to be employed by defendant, and continued to harass the plaintiff, until her recent termination unrelated to her harassing behavior.

23. Defendant failed to prevent and correct sexually harassing behavior of a manager who had harassed others before and openly made offensive comments at work, some of these comments overheard by management.

24. Defendant failed to educate, by way of example, the employees and managers of the Defendant about any likely and firm enforcement of any harassment policy.

25. Due to the continuing harassment, Plaintiff reported inappropriate conduct and or retaliation of the harassing employee to the current general manager, but no action was taken regarding the co-employee, who was recently terminated for unrelated behavior.

26. Plaintiff was required to work within close proximity to the co-employee who participated in the harassment with the assistant manager and who continued to harass the plaintiff, despite her complaints about the sexual harassment and retaliation. The close proximity was uncomfortable and shocking considering the conduct of said co-employee that was disclosed to the Defendant.

27. The co-employee also harassed the plaintiff, by reporting her for bad work productivity, when it was false, and retaliatory in nature.

28. The co-employee has also made comments regarding a prior employee who was fired for reporting sexual harassment and that plaintiff wouldn't be there much longer. These comments have only added to plaintiff's stress.

29. Despite plaintiffs continued reporting of the inappropriate retaliatory conduct, no action taken by defendant to prevent or stop the harassment.

## DAMAGES

30. Plaintiff sues for all damages available under the Tennessee Human Rights Act, including damages for back pay and/or front pay, embarrassment and humiliation, medical expenses incurred, if any, as well as any additional mental stress and anxiety as a result of the hostile work environment.

31. Plaintiff additionally sues for attorney's fees, discretionary costs and Court costs, if she is the prevailing party.

### WHEREFORE PREMISES CONSIDERED PLAINTIFF PRAYS:

1. That this lawsuit be filed and served upon the Defendant requiring the Defendant to answer in the time provided by law.

2. That after the discovery process, this case be heard on its merits.

3. That Plaintiff be awarded $500,000 in compensatory damages.

4. That Plaintiff be awarded attorneys fees, discretionary costs and court costs.

5. For general and further relief to which the Plaintiff may be entitled.

Respectfully submitted,

*[signature]*

Stephen Crofford #12039
Mary Parker #6016
PARKER AND CROFFORD
1230 2nd Ave. S.
Nashville, TN 37210
615-244-2445 (phone)
615-255-6037 (fax)